MEMORANDUM **
Rashawn Bias appeals the district court’s denial of his suppression motion following the entry of a conditional guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). We affirm.
I
Police officers received undisputedly reliable and specific information from emergency medical technicians that Bias was carrying a concealed weapon. The police searched for Bias, and observed him and a companion take what they believed to be an evasive maneuver. Because Bias was armed, the police detained him at gunpoint, ordered him to the ground, and handcuffed him. The police asked if he was armed, and Bias answered in the affirmative. The gun was located in his waistband, as described by the paramedics.
Because the police had reliable, detailed, and articulable facts, the totality of the circumstances supports the district court’s finding that the police had reasonable suspicion to conduct an investigatory stop pursuant to Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
Bias contends that the stop was illegal under United States v. Ubiles, 224 F.3d 213 (3d Cir.2000) and United States v. Roch, 5 F.3d 894 (5th Cir.1993). However, these cases are distinguishable. Both Ubiles and Roch involved tips from anonymous informants, as contrasted with the paramedics in this case who actually observed the weapon. Further, in this case, the Terry stop was concluded in a county in which less than 1% of the population had a permit to carry a concealed weapon. Finally, neither Ubiles nor Roch involved a situation in which the defendant made what appeared to be an evasive maneuver prior to the Terry stop, a factor that the Supreme Court found important in Illinois v. Wardlow, 528 U.S. 119, 124, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000).
II
Bias also claims that, even if reasonable suspicion supported his seizure by the police, that the police actions in this case rose to the level of an arrest under Washington v. Lambert, 98 F.3d 1181 (9th Cir.1996). However, the stop in this case did not constitute an impermissible arrest, *164 because Washington v. Lambert specifically suggested that an intrusive stop may be reasonable “where the police have information that the suspect is currently armed.” Id. at 189 (introducing a multi-factor test). Here, the police had reliable witness testimony that Bias was carrying a concealed weapon.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.